No. 1829.—CHARLES CASE, Receiver of the First National Bank of New Orleans, *v.* MANHEIM BERWIN.

The act of Congress authorizing the controller of the currency to appoint a receiver to take charge of any bank or association that has failed to redeem its circulating notes, and is in default, with full power to collect all debts due such bank or association, authorizes such receiver, when appointed, to sue for and stand in judgment in the courts of the country in all cases involving the collection of debts due such bank or association.

Parol testimony is not admissible to explain, contradict or vary a written contract of sale, nor can witnesses be heard to show what the understanding of the finance committee, the Common Council of the city of New Orleans, or the community in general, was, about the meaning of an ordinance authorizing the sale of city property.

In a sale of property by the city of New Orleans, authorized by ordinance of the Common Council, the city fixed the terms in so far as to require the purchaser to pay one-fifth of the amount bid in cash, at the time of sale, the balance to be paid in installments to suit the purchaser, with mortgage retained on the property sold, until final payment, giving, however, the purchaser the right of paying the whole amount in cash, and, in that event, the city was to take in payment her matured obligations at par. The purchaser declined to avail himself of this privilege of paying the entire indebtedness at the time of sale, but gave his note for the amount in dollars. Held—That not having paid the amount in city notes at the time of sale, he could not now claim to discharge the note in any thing but lawful currency; that the right to pay in city notes was forfeited by his failure to avail himself of the conditions prescribed.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont*, J. G. L. *Bright* and J. D. *Rouse*, for plaintiff and appellant. *E. Filleul*, for defendant and appellee.

LUDELING, C. J. The plaintiff, alleging that he is the holder and owner of a negotiable note, secured by mortgage, executed by Manheim Berwin, prays for judgment for the amount of the note, with interest and costs, and for a recognition of the vendor's privilege and mortgage.

The defendant filed the following exceptions to this demand:

*First*—The defendant denies specially that the plaintiff has been appointed by any legal and competent authority, receiver of the First National Bank of New Orleans; defendant specially denies that the plaintiff has qualified or given bond, as required by the laws of the United States, to enter upon the duties of such an office.

*Second*—Defendant further excepts on the ground that this is a suit in which the United States are interested, and are the real plaintiffs.

that the suit can not stand if not instituted in the name of the United States.

*Third*—That the counsel who signed the plaintiff's petition are not authorized to represent the United States; that, by law, it is made the duty of the District Attorney of the United States to represent the Government in all civil suits, in which they are interested. The United States can not be represented by any private person, but must appear in court through their constituted organ.

*Fourth*—And the respondent also claims *oyer* of the appointments and titles of the plaintiff to appear in this suit on behalf the United States.

The appointment of Charles Case as receiver, by the controller of the currency, was filed in evidence.

The statute of the United States, providing a national currency, directs that when the controller shall be satisfied that any association has refused to pay its circulating notes, and is in default, he may appoint a receiver, who, under the direction of the controller, shall take possession of the books, records and assets of every description, of such association, *and collect all debts, dues and claims* belonging to the association. Statutes at Large, 1864, 114, Sec. 50. The power *to collect debts* embraces the right to use all necessary means to attain the object of the agency. The exception was correctly overruled.

The answer denies that the plaintiff is the holder of the note; he avers that it belongs to the city of New Orleans, and that it was given for the purchase of batture lots sold by the city to redeem city notes, and the condition of the sale was that the price might be paid in city notes; that the National Bank was well aware of this condition, and that he tendered payment in city notes.

The defendant offered witnesses to prove that the understanding of the finance committee of the Common Council, and of the community in general, was that the city property for which the note was given, was sold for city notes. The plaintiff objected on the ground that parol evidence was not admissible to explain, contradict or vary the written act of sale. The objection was overruled, and a bill of exceptions was taken to the ruling of the of district judge. The testimony should have been excluded. C. C. art. 2256.

The ordinance authorizing the sale is in the record, and its meaning can not be explained by the *understanding* of individual members of the Council. It provides that the property shall be sold on the following terms: " *One-fifth cash,* in matured and lawful obligations of the city, or in United States treasury notes, and *the balance in equal install-ments, divided into coupons,* if required, of one, two, three and four *years' credit,* with special mortgage on the property sold; said notes to bear interest at the rate of six per cent. per annum from date to maturity, and if not then paid, eight per centum thereafter until final pay-

ment, *with privilege* on the part of the purchaser to pay *the whole or any part of their notes in cash.*"

The proces verbal of sale contains a repetition of the language used in the ordinance. The note is in the following words and figures:

"NEW ORLEANS, June 6, 1866.

$2720.—One year after date I promise to pay to the order of myself twenty seven hundred and twenty dollars, value received, bearing interest at the rate of six per cent. per annum from date to maturity, and thereafter, if not paid then, eventual interest at the rate of eight per cent. per annum from maturity until paid.

(Signed)                                    MANHEIM BERWIN.

(Endorsed) Manheim Berwin.

*Ne varietur.*—Secured by mortgage, by act passed before me this day, July 14, 1866, New Orleans.

W. J. CASTELL, Notary Public."

The ordinance required the purchaser to pay, at least, *one-fifth of the price* CASH, that is, *at the time the sale was made.* As to the remainder of the price, he might divide it into installments payable in one, two, three or four years, at his option. He had *the privilege* to pay the whole, or any part over one-fifth, of the price, *cash,* that is, *at the time of the sale.* The *cash payment* could be made in the matured and lawful obligations of the city.

The object of the ordinance is manifest; it was to give credit and value to city notes, by causing a large portion of them to be withdrawn from circulation and canceled immediately.

The purchaser did not avail himself of the "*privilege*" granted by the terms of the sale, of paying the whole amount of the price "*cash,*" but he chose the alternative, and gave his note for "dollars," which means lawful money.

The evidence satisfies us that the note belongs to the First National Bank. The plaintiff is entitled to a judgment for the amount of the note, with interest and costs, in lawful money of the United States.

It is therefore ordered that the judgment of the district court be reversed; and it is ordered that there be judgment in favor of the plaintiff against the defendant, for the sum of two thousand seven hundred and twenty dollars, with six per cent. per annum interest from the sixth day of June, 1866, to the sixth day of June, 1867, and eight per cent. per annum from the sixth of June, 1867, till paid, and costs of both courts. It is further ordered that the vendor's privilege and special mortgage retained on the property sold, be recognized and made executory.

Rehearing refused.

Justices Howell and Howe are recused in this case.